UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Jill Crista,

        Plaintiff,

v.                                           Case No.: 18-CV-365

Wisconsin Physicians Service Insurance Corporation
and Aspirus Arise Health Plan of Wisconsin, Inc.

        Defendants.

## COMPLAINT

For her Complaint, Plaintiff Jill Crista alleges and states as follows:

### Parties and Jurisdiction

1. Plaintiff Jill Crista is an individual residing in Rock County, Wisconsin along with her two children.

2. Defendant Wisconsin Physicians Service Insurance Corporation ("WPS") is a health insurance company that, upon information and belief, is organized under the laws of the State of Wisconsin with its statutory and administrative office at 1717 W. Broadway, Monona, WI 53713-1834.

3. Defendant Aspirus Arise Health Plan of Wisconsin, Inc. ("Arise") is a health insurance company that, upon information and belief, is organized under the laws of the State of Wisconsin with its statutory and administrative office at 3000 Westhill Dr Ste 303, Wausau, WI 54401.

4. This is a civil action brought pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a). This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1). In addition, this Court has subject matter jurisdiction

1

pursuant to the general jurisdiction statute for civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

5. Defendant WPS resides in the United States and, therefore, this Court has personal jurisdiction over it pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2). Personal jurisdiction also exists pursuant to Fed. R. Civ. P. 4(k)(1)(A), because WPS would be subject to the jurisdiction of a court of general jurisdiction in the State of Wisconsin.

6. Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the policies that provided health care benefits were administered in this District, and some or all of the breaches of the policies took place in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b), as WPS does substantial business in this District, including selling the insurance policies at issue, and Plaintiff's claims arise from insurance policies issued by WPS to provide coverage to Plaintiff in this District.

7. Plaintiff Crista is a participant in an employee welfare benefit plan sponsored by her company, Center for Natural Medicine LLC, and Plaintiff Crista along with her children, received health care benefits as an insured under a contract of insurance issued by WPS.

8. Specifically, the Certificate of Coverage issued by Arise and incorporated by reference herein states that Plaintiff Crista and her children were covered by a policy issued to her company that, upon information and belief, was underwritten and administered by WPS, Group No. 10011017 with an effective date of coverage February 1, 2017.

## Facts

9. Jill Crista's twin male children, T. Hignell and K. Hignell, both suffer from hypogammaglobulinemia, a immune disorder.

10. The health of both children has been severely impacted by their immune disorder. Indeed, since WPS improperly denied coverage, the health of both children has declined, and K. Hignell regularly misses school because of his illness and has missed a large part of his senior year in high school.

**A.    2015: WPS approves IVIG treatment for both children.**

11. In 2015, Plaintiff Crista and her two children were covered by an individual health insurance policy that, upon information and belief, was administered and underwritten by WPS.

12. Plaintiff Crista requested coverage from WPS for IVIG treatment for her two children from you in in January 2015.

13. In response to Plaintiff's request, WPS had an independent reviewer conduct an independent review of both children's' medical records to evaluate the diagnosis and determine if treatment was medically necessary.

14. WPS approved coverage for both children to receive IVIG treatment for 1 year. Both T. Hignell and K. Hignell responded well to the IVIG treatment and their condition improved.

**B.    2016: WPS again approves IVIG treatment for both children.**

15. In January of 2016, at the conclusion of both children's first year of IVIG treatment, Plaintiff sought re-authorization of IVIG treatment.

16. Both children presented nearly identical labs and medical history as when they originally requested coverage in 2015.

17. In response to Plaintiff's request, WPS again had an independent reviewer conduct an independent review of both children's medical records to evaluate the diagnosis and determine if treatment was medically necessary.

18. That reviewer determined that the IVIG treatment was not medically necessary because the reviewer disagreed with the diagnosis.

19. Based on that review, WPS denied coverage. There is no record that Plaintiff is aware of showing that WPS sought a second review or otherwise attempted to reconcile this denial with its 2015 decision to grant coverage.

20. Plaintiff Crista appealed WPS' denial of coverage.

21. As part of Plaintiff's appeal, the children's treating physicians explained their diagnosis to WPS by telephone and by written letter. Also, WPS had both children's medical records and medical history.

22. During that appeal, Plaintiff also expressed concern that WPS could look at the same diagnosis and medical condition and come to opposite conclusions about whether IVIG treatment was medically necessary. Plaintiff's concern was IVIG treatment is expensive and WPS' denial may have been influenced by cost and not medical necessity.

23. Plaintiff's appeal was successful and WPS approved coverage for both children to receive IVIG treatment for 1 year.

**C.    2017: WPS denies coverage for IVIG treatment.**

24. In 2016, WPS told Plaintiff that it would no longer renew the terms of her individual health insurance policy for 2017. Accordingly, Plaintiff Crista had to find new coverage

25. WPS was willing, however, to provide Plaintiff Crista with a group policy issued to her company.

26. In June of 2017, at the conclusion both children's second year of successful IVIG treatment, Plaintiff, through the children's physician, sought re-authorization of IVIG treatment to treat the very same medical condition WPS had approved in the past.

27. As part of this reauthorization, both children presented nearly identical labs and medical history as in 2015 and 2016, as well as a history of identical illnesses and impacts from those illnesses when off the IVIG treatment.

4

28. In response to Plaintiff's request, WPS again had an independent reviewer conduct an independent review of both children's medical records to evaluate the diagnosis and determine if treatment was medically necessary.

29. That reviewer determined in their June report that the diagnosis was accurate for both children, as is the need for IVIG treatment. The reviewer also determined that there had been a clinically significant beneficial response from prior treatment, and that future lapses in IVIG therapy should be avoided, as they could be the cause of probable morbidity and possible mortality, and that this therapy should be continued for the foreseeable future.

30. There is no provision in the WPS policy that allows it to "appeal" or seek review of a decision allowing a claim for benefits. Accordingly, after it received the reviewer's decision that treatment was medically necessary, WPS should have paid the benefits and approved treatment.

31. Instead, even though the policy provides WPS with no right to seek review of a decision that treatment was medically necessary, WPS nonetheless sought review of this first independent reviewer's decision from a second "independent" reviewer.

32. This second reviewer looked at the same information as the previous reviewer, including the previous approvals of coverage in 2015 and 2016. Nonetheless, this reviewer concluded in an August report that IVIG treatment was experimental, investigative and/or unproven.

33. WPS denied coverage for both children based on this second reviewer's report.

34. Plaintiff timely appealed that denial of coverage.

35. WPS sent Plaintiff a letter dated September 15 providing a basis for the denial that (1) never disputes that it disregarded every single finding prior to this second reviewer; and (2) never disputes that both children presented with

5

nearly identical medical history and labs that were found to support the diagnosis and coverage for treatment in 2015 and 2016. Instead, WPS raised the same rational it relied on to deny coverage in 2016 – the same denial that was subsequently overturned on appeal.

36. As part of Plaintiff's appeal, WPS sought review by a third independent reviewer.

37. This third reviewer disagreed with the second reviewer and found that the diagnosis for both children was correct.

38. The third reviewer, however, concluded that both children's immunodeficiency was not severe enough to warrant IVIG therapy. In coming to that conclusion, the third reviewer:

   a. Indicated that no other treatment is available.
   b. Was either unaware or never understood that both children already were on a daily regimen of antibiotics and had been for the previous six years.
   c. Was either unaware or never understood that both children become so ill without the IVIG treatment that it is debilitating. For example, without the IVIG treatment, both children regularly miss school, are unable to participate in normal activities with their friends.
   d. Was either unaware or never understood that the IVIG treatment has proven – for multiple years – to have worked for both children. Both children are healthy when on IVIG treatment, and ill when not.

39. WPS was and is aware of all of these facts. Indeed, WPS previously granted coverage to both children based on these facts.

## Claim for Relief

### First Cause of Action: Claim for Benefits Under ERISA § 502(a)(1)(B).

40. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

41. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a participant or beneficiary of a plan to bring a civil action to recover benefits due under the terms of the plan, to enforce her rights under the terms of the plan, and to clarify her rights to future benefits under the plan.

42. Both of Plaintiff's children are entitled to coverage under the Plan for the IVIG treatment.

43. Further, WPS breached the terms of the Plan by seeking further review of the independent reviewer's decision approving coverage.

44. In addition, Plaintiff seeks a declaration that both children are entitled to IVIG treatment and an injunction barring WPS from denying coverage for either child's IVIG treatment.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that both of Plaintiff's children are entitled to IVIG treatment;

C. Preliminarily and permanently enjoin Defendants from modifying or terminating the benefits they are obligated to provide to the class members of the terms of the applicable collective bargaining agreements and the ERISA plan;

D. Award Plaintiffs reasonable attorneys' fees and costs incurred in this action.

E. Grant such further relief as may be deemed necessary and proper.

Dated: May 16, 2018　　**Crueger Dickinson LLC**

By: s/Charles J. Crueger
　　Charles J. Crueger
　　*cjc@cruegerdickinson.com*
　　Erin K. Dickinson
　　*ekd@cruegerdickinson.com*
　　Krista K. Baisch
　　*kkb@cruegerdickinson.com*
　　4532 N. Oakland Ave.
　　Whitefish Bay, WI 53211
　　Direct: 414-210-3868

**Attorneys for Plaintiff**